JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

18-CV-428

Case 2:18-cv-00428-CFK   Document 1   Filed 02/01/18   Page 1 of 9

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GLENN LIOU

## DEFENDANTS
DIAMOND CONSULTING GROUP  18  428

**(b)** County of Residence of First Listed Plaintiff: Bronx
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin I. Lovitz
Lovitz Law Firm, P.C.
1650 Market Street, 36th Fl., Phila., PA 19103 (215)735-1996

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition |  |  |  |
|  | / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 U.S.C. §626(b)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

FEB - 1 2018

DATE 1/31/18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

APPENDIX A

# UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **1545 Crosby Avenue, Apt.#610022, Bronx, New York, 10461**

18  428

Address of Defendant: **1080 N. Delaware Avenue, Suite 600, Philadelphia, PA 19125**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☑

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) **Title 28 U.S.C. §626(b)**

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Kevin I. Lovitz, Esquire**, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/31/18                   Attorney-at-Law                   70184
                                                                 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/31/18                   Attorney-at-Law                   70184
                                                                 Attorney I.D.#

FEB - 1 2018

CIV. 609 (9/99)

IN THE UNITED STATES DISTRICT COURT     APPENDIX C
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM  18     428

| | | |
|---|---|---|
| **GLENN LIOU** | : | CIVIL ACTION |
| v. | : | |
| **DIAMOND CONSULTING GROUP** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ☐

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ☑

1/31/18
Date

Attorney-at-law
Kevin I. Lovitz, Esquire
Attorney for GLENN LIOU

FEB - 1 2018

(Civ. 660) 7/95

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT PENNSYLVANIA

GLENN LIOU,  :
      Plaintiff  :
      :  CIVIL ACTION NO:
v.  :
      :
DIAMOND CONSULTING GROUP,  :
      Defendant  :

## COMPLAINT AND JURY DEMAND

### I.  INTRODUCTION

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to the Plaintiff by the laws of the United States of America.

2. The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1337, and the claim is substantively based on the Age Discrimination in Employment Act ("ADEA"), Title 28 U.S.C. §626(b).  This action is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination on the basis of his age.  Plaintiff also asserts a claim for age discrimination arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

### II.  JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to ADEA, which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States

and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

6. All conditions precedent to the institution of this suit have been fulfilled. A notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission ("EEOC") on December 11, 2017. This action has been commenced within ninety (90) days of the issuance of said Notice. Plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES

7. Plaintiff, Glenn Liou, is an individual and citizen of the State of New York who resides at 1545 Crosby Avenue, Apartment #610022, Bronx, New York.

8. Defendant, Diamond Consulting Group, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business located at 1080 N. Delaware Avenue, Philadelphia, Pennsylvania.

9. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of its authority, course of employment, and under the direct control of Defendant.

10. At all times material herein, Defendant has been a "person" and "employer" as defined under ADEA and PHRA, and is subject to the provisions of said acts.

## IV. STATEMENT OF CLAIMS

11. Plaintiff, who was fifty-five (55) years of age at the time, applied for an Event Marketing position posted by Defendant on or about January 1, 2016. Plaintiff received confirmation of his application for employment.

12. Defendant's job posting indicated in part that Defendant was seeking: "IMMEDIATE HIRE FOR YOUNG AND HUNGRY PROFESSIONALS."

13. Plaintiff believes and avers that he was sufficiently qualified for said position in that he has the requisite skills and abilities to perform the job functions posted by Defendant.

14. Notwithstanding his qualifications, Plaintiff was neither interviewed nor selected for the position posted by Defendant.

15. Subsequent to being rejected from said employment opportunity, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in Philadelphia, Pennsylvania.

16. On October 17, 2017, the EEOC found that probable cause existed to credit Plaintiff's claim that he was not hired by Defendant due to his age.

17. According to the EEOC, "The language used in the [Defendant's] job posting discriminates against persons in the protected age group. The ADEA prohibits discrimination related to job decisions, employment practices, or other terms, conditions, or privileges of employment based on an individual's protected status."

18. The EEOC further concluded that the law also "…prohibits discrimination based on age in advertisements and recruitment related to employment" …and that

"advertisements may not contain terms or phrases that would deter members of a particular class from applying."

19. Based on its investigation of Plaintiff's claims, the EEOC concluded that the evidence as a whole indicates that age was a proximate cause for Plaintiff's denial of hire.

20. Plaintiff believes and therefore avers, that he was denied hire due to his age, as aforesaid.

## COUNT I
### (ADEA – Age Discrimination)
### Plaintiff v. Defendant

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as fully set forth at length herein.

22. The actions of Defendant through its agents, servants and employees in subjecting Plaintiff age-based discrimination by failing to hire him due to his age, constituted a violation of the ADEA.

23. The unlawful discriminatory employment practices engaged in by Defendant were in violation of the provisions of Title 28 U.S.C. §626(a)(1) and 626(a)(2) of the ADEA.

24. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of 28 U.S.C. §626(a) and (1) and 626(a)(2) of the ADEA, Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value

of his benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT III
### (PHRA – Age Discrimination)
### Plaintiff v. Defendant

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as if fully set forth at length herein.

26. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to age-based discrimination by failing to hire him solely because of his age as aforesaid, constituted a violation of the PHRA.

27. Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

28. As a direct result of Defendant's willful and unlawful actions in violation of the PHRA the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

29. Plaintiff repeats the allegations of paragraph 1 through 28 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

    (a)    Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

    (b)    Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment and other non-pecuniary losses as allowable;

    (c)    Defendant pay to Plaintiff liquidated damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

    (d)    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

THE LOVITZ LAW FIRM, P.C.

By: _____
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1650 Market Street, 36th Fl.
Philadelphia, PA 19103
(215) 735-1996 Phone
(367) 319-7943
Attorney for Plaintiff,
Glenn Liou